**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| LUIS ALBERTO HERNANDEZ-BARAJAS, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) Case No. 18-cv-4087-JES ) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) ) |

**ORDER AND OPINION**

This cause is before the Court on Petitioner Luis Alberto Hernandez-Barajas' Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. 1).[1]  A hearing on the Motion is not required because "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief."  *Hutchings v. United States*, 618 F.3d 693, 699–700 (7th Cir. 2010) (quotation omitted).  Because Petitioner is not entitled to relief, the § 2255 motion is DENIED.

**I.  BACKGROUND**

In February 2016, Hernandez-Barajas was charged in a Superseding Indictment with Conspiracy to Distribute and Possession with Intent to Distribute Methamphetamine and Marijuana, in violation of 21 U.S.C. § 846 (Count 1); and Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).  R. 8.

On February 15, 2017, Hernandez-Barajas entered a guilty plea to Count 2 of the Superseding Indictment without a plea agreement.  *See* R. Feb. 15, 2017 Minute Entry.  At the

---

[1] Citations to documents filed in this case are styled as "Doc. ___."  Citations to the record in the underlying criminal case, *United States* v. *Hernandez-Barajas*, No. 15-cr-40081 (C.D. Ill.), are styled as "R.___."

change of plea hearing, Hernandez-Barajas and an interpreter for Hernandez-Barajas were sworn in. Plea Tr., R. 22. While an interpreter was used at the hearing, Hernandez-Barajas testified that he was able to "speak, read and write and understand English" "about 90 percent," and that he had no difficulty communicating with his counsel about the case. *Id.* at 5. The Magistrate Judge found that Hernandez-Barajas was competent to understand the proceedings and to enter into a knowing plea. *Id.* at 6. Hernandez-Barajas stated that he was not fully satisfied with his counsel's representation and advice, but he discussed his decision to enter a plea of guilty with counsel and was satisfied with counsel's representation regarding his desire to enter a plea. *Id.* at 6-7. The Government read the essential elements of the offenses and the maximum and minimum potential penalties involved. *Id.* at 7-11. The Magistrate Judge explained the constitutional rights that Hernandez-Barajas would be waiving by pleading guilty. *Id.* at 11-15.

Defense counsel advised the Court that the Government had proposed a plea agreement whereby Hernandez-Barajas would plead guilty to Count 2 and the Government would dismiss Count 1. Plea Tr., R. 22 at 15. Defense counsel explained that Hernandez-Barajas was unwilling to enter the plea agreement because he did not want to give up his appeal rights. *Id.* Hernandez-Barajas then acknowledged that he did not wish to enter into the plea agreement and had discussed this with his attorney. *Id.* The Court explained that there were potential immigration consequences resulting from his conviction, and Hernandez-Barajas said he that he was "aware of that." *Id.* at 16-17.

Hernandez-Barajas also acknowledged that he understood that under some circumstances he would have the right to appeal any sentence this Court imposed. Plea Tr., R. 22 at 19. The Government recited the evidence it would present if the matter were to proceed to trial, and Hernandez-Barajas agreed "in sum" to the Government's evidence. *Id.* at 19-23. After some

discussion regarding the specifics of the two counts charged, this Court found it could not accept a guilty plea to Count 1, but would consider Hernandez-Barajas's guilty plea to Count 2 if Hernandez-Barajas wanted to proceed with a plea on that count. *Id.* at 23-25. Hernandez-Barajas reiterated that he did want to go forward with a guilty plea as to Count 2 only, and after reviewing the factual basis and questioning Hernandez-Barajas about what he did, the Magistrate Judge accepted Hernandez-Barajas's plea to Count 2. *Id.* at 26-28. The Magistrate Judge then filed his report and recommendation to the district judge. R.14. Count 1 remained set for trial pending sentencing on Count 2. This Court accepted his guilty plea on March 7, 2017. R.16.

A presentence investigation report ("PSR") was prepared by the United States Probation Office. PSR, R. 19. The PSR stated there was a statutory minimum term of 120 months' imprisonment and a maximum of life. *Id.* at ¶ 82. The PSR calculated the total offense level as 31 and a criminal history category of III, resulting in a sentencing guidelines imprisonment range of 135 months' to 168 months' imprisonment. *Id.* at ¶ 83.

The sentencing hearing was held on December 7, 2017. R. Dec. 7, 2017 Minute Entry. The Government moved to dismiss Count 1 of the Superseding Indictment. *Id.* Hernandez-Barajas' counsel made objections to the PSR, which were either denied by the Court or withdrawn. *Id.* The Court sentenced Hernandez-Barajas to the mandatory minimum sentence of 120 months' imprisonment, five years of supervised release, and a $100 special assessment. *Id.* The written judgment was entered on December 11, 2017. R. 26. No direct appeal was filed.

Hernandez-Barajas filed this timely Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. 1) on May 4, 2018, alleging his Sixth Amendment rights were violated because he received ineffective assistance of counsel. Specifically, Hernandez-Barajas alleges: (1) his counsel was ineffective because he pushed him to sign a guilty plea and never

discussed the impact of his guilty plea on his appeal rights; (2) his counsel was ineffective for telling him that if he qualified for the safety valve he could get a sentence lower than 120 months' imprisonment; (3) his counsel was ineffective for making him "go through the motions" and have an interview with agents when he was ineligible for the safety valve; and (4) his language barrier and lack of knowledge of the laws hindered his ability to fully understand the proceedings.

The Government filed its Response (Doc. 4). Hernandez-Barajas did not file a timely Reply. This Order follows.

## II. LEGAL STANDARD

A person convicted of a federal crime may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Relief under § 2555 is an extraordinary remedy because a § 2255 petitioner has already had "an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.2d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S. Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." *Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993) (citing *Scott v. United States*, 997 F.2d 340 (7th Cir. 1993)).

A § 2255 motion is not a substitute for a direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995), *cert. denied*, 116 S. Ct. 205 (1995); *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. *United States v. Frady*, 456 U.S. 152,

165 (1982); *Doe*, 51 F.3d at 698. Accordingly, a petitioner bringing a § 2255 motion is barred from raising: (1) issues raised on direct appeal, absent some showing of new evidence or changed circumstances; (2) non-constitutional issues that could have been but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the default and actual prejudice from the failure to appeal. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717, 710-20 (7th Cir. 1994). "[I]t is generally proper to raise arguments of ineffective assistance of counsel for the first time on collateral review in a § 2255 petition because such claims usually. . . involve evidence outside the record." *Galbraith v. United States*, 313 F.3d 1001, 1007 (7th Cir. 2002).

The Sixth Amendment guarantees criminal defendants effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 684-86 (1984). Under *Strickland's* familiar two-part test, Petitioner must show both that his attorney's performance was deficient and that he was prejudiced as a result. *Vinyard v. United States*, 804 F.3d 1218, 1225 (7th Cir. 2015). Courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 690. A prisoner must also prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Absent a sufficient showing of both cause and prejudice, a petitioner's claim must fail. *United States v. Delgado,* 936 F.2d 303, 311 (7th Cir. 1991).

In the plea-bargaining phase, "reasonably competent counsel will 'attempt to learn all of the facts of the case, make an estimate of a likely sentence, and communicate the results of that analysis before allowing his client to plead guilty.'" *Gaylord v. United States*, 829 F.3d 500, 506

(7th Cir. 2016) (citing *Moore v. Bryant*, 348 F.3d 238, 241 (7th Cir. 2003)). Mistakes, nor omissions, in an attorney's advice do not necessarily constitute ineffective assistance of counsel. *Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002). "[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366 (1970); *see also Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009). The defendant must also show that to reject the plea agreement and go to trial would have been rational under the circumstances. *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).

### III. ANALYSIS

**A. Hernandez-Barajas Did Not Waive His Appeal Rights.**

Hernandez-Barajas first claims that his counsel did not discuss his appeal rights with him, and that he did not know that by pleading guilty he was giving up his appeal and collateral attack rights. Pet. at 4 (Doc. 1). However, Hernandez-Barajas is incorrect—he pleaded guilty without a plea agreement and did not waive any of his appeal or collateral attack rights. Moreover, his allegations regarding his counsel's advice is contrary to the record. At the change of plea hearing, his counsel told the Court that Hernandez-Barajas elected to reject the Government's proposed plea agreement that included appellate and collateral attack waivers for the very reason that it included such waivers. Plea Tr., R. 22 at 15. At the hearing, Hernandez-Barajas also directly acknowledged that he had reviewed the proposed plea agreement, had discussed it with his counsel, and decided to reject the agreement. *Id.* Later in the hearing he was advised by the Court that he had the right to appeal his sentence. *Id.* at 19. He was again advised of his appeal rights at the end of his sentencing hearing on December 11, 2017. *See* R. Dec. 11, 2017 Minute

Entry. The Court finds that the record shows that his counsel did discuss his appeal rights with him and that he did not give up any appeal or collateral attack rights. Therefore, Hernandez-Barajas has not shown that counsel's performance was deficient.

Hernandez-Barajas has also not alleged any prejudice. As he did not give up his appellate rights, anything he wished to appeal could have been appealed. Accordingly, this ground for relief must be denied.

**B. Hernandez-Barajas Was Not Denied Effective Assistance of Counsel with Regard to his Safety Valve Eligibility Under 18 U.S.C. § 3553(f).**

As Hernandez-Barajas' second ground for relief, he argues that counsel was ineffective because counsel told him "if" he qualified for the safety valve, he would have a lower sentence. The Court finds nothing facially deficient about this advice. Under the "safety valve" of 18 U.S.C. § 3553(f), the Court may impose a sentence without regard to the statutory minimum sentence proscribed under § 841 if certain conditions are met. *If* Hernandez-Barajas qualified, he would have been eligible for a lower sentence. Therefore, counsel's statements to Hernandez-Barajas was not wrong.

Moreover, even if there was some confusion as to his eligibility prior to the change of plea hearing, during his change of plea hearing, it was clear he would be subject to the ten-year minimum imprisonment sentence. At the change of plea hearing, the Government stated that the minimum sentence would be ten years in prison (which is 120 months), to a maximum of life in prison. Plea Tr., R. 22 at 10. Defense counsel agreed and Hernandez-Barajas acknowledged that he understand the potential minimum and maximum sentences. *Id.* at 10-11. Defense counsel also provided an estimate of Hernandez-Barajas' advisory guidelines offense level as 31, with a criminal history category of II, resulting in a sentencing range of 121 to 158 months'

imprisonment. *Id.* at 18. Accordingly, prior to pleading guilty Hernandez-Barajas was aware of the potential penalties he faced.

The PSR concluded that he had five criminal history points: 1 from a 1999 conviction for unlawful possession of cannabis in Rock Island County, Illinois; 2 from a 2012 conviction for obstructing justice, driving under the influence of alcohol, and driving while license revoked in Henry County Illinois, and 2 because he committed the instant offense while under a criminal justice sentence in Henry County Illinois. *See* PSR, R.19 at ¶¶ 40-46. The PSR found that based upon a total offense level of 31 and a criminal history category of III, his guideline sentencing range was 135 to 168 months' imprisonment. PSR, R. 19 at ¶ 83.

At the time of Hernandez-Barajas' sentencing, a defendant only qualified if he did not "have more than 1 criminal history point, as determined under the sentencing guidelines." 18 U.S.C. 3553(f)(1) (West 2010). With five criminal history points, Hernandez-Barajas was ineligible for the safety valve, and the Court was required to sentence him to a statutory minimum of 120 months' imprisonment. The Court sentenced Hernandez-Barajas to a below guidelines sentence of 120 months' imprisonment—which was below defense counsel's estimate for his guidelines range at the change of plea hearing as well.

As his ineligibility for the safety valve was a result of his prior convictions, there was nothing counsel nor Hernandez-Barajas could have done to make him qualify, even if counsel initially incorrectly thought Hernandez-Barajas could qualify for the safety valve. The advice that he might qualify for the safety valve certainly does not fall below the "wide range of reasonable professional assistance." *Yu Tian Li v. United States*, 648 F.3d 524, 527-28 (7th Cir. 2011); *Mosley v. Atchison*, 689 F.3d 838, 847-48 (7th Cir. 2012) (noting there is "significant latitude for permissible attorney conduct"). Hernandez-Barajas has not shown that his counsel's

performance was deficient.

Even if Hernandez-Barajas could show counsel's performance was deficient, he has not alleged any prejudice. To prove prejudice, Hernandez-Barajas must show that there was a reasonable probability that he would not have pleaded guilty he if knew he would be ineligible for the safety valve. *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366 (1970) ("[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."); *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009); *United States v. Cieslowski*, 410 F.3d 353, 359 (7th Cir. 2005) ("The question. . . is whether the mistake affected the decision to plead guilty."). Here, Hernandez-Barajas has not even alleged that he would not have pleaded guilty. Further, as the Government notes, the evidence against him was overwhelming "consisting of statements from an informant who obtained a significant amount of methamphetamine from Hernandez-Barajas, a search warrant executed at Hernandez-Barajas's home where agents found approximately a pound of methamphetamine buried in his backyard in a bag with Hernandez-Barajas's fingerprint on it, and finally, Hernandez-Barajas's extensive post-arrest statement in which he admitted to years of drug trafficking with others and possession of the methamphetamine found in his backyard." Resp. at 11-12 (Doc. 4); R. 22 at 19-23. Hernandez-Barajas did not submit a reply providing the Court with any reason to find that there was a reasonable probability that he would have gone to trial. Accordingly, the Court finds this ground for relief is without merit and must be denied.

Relatedly, in Hernandez-Barajas' third ground for relief, he objects to counsel making him go "through the motions of it" and have "an interview with the agents" when he was ineligible for the safety valve. It is not entirely clear what interview Hernandez-Barajas is

referring to, but the Court presumes that Hernandez-Barajas is referring to the safety valve requirement that the defendant provide "to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5). Assuming that he provided this information, the Court understands that it may have been frustrating to have fulfilled this requirement of the safety valve when he was, in fact, ineligible for the desired relief. However, as explained above, Hernandez-Barajas has not shown there was any prejudice that arose from any advice regarding his potential eligibility for the safety valve, as Hernandez-Barajas has not shown a reasonable probability that he would have gone to trial. Therefore, this ground must also be dismissed.

### C. The Record Contradicts Hernandez-Barajas' Claim That a Language Barrier Prevented Him from Fully Understanding the Proceedings.

Finally, in Ground 4, Hernandez-Barajas alleges that his limited knowledge of the laws and his language barrier prevented him from understanding all of the proceedings, and that, combined with "the poor legal advice," caused him to waive his appeal rights and sign a plea waiving those rights. Pet. at 8 (Doc. 1). However, Hernandez-Barajas stated at the change of plea hearing that he could "speak, read, and write and understand English" "about 90 percent." Plea Tr., R. 22 at 5. When asked if he had had any difficulty communicating with counsel about his case, he stated "not at all." *Id.* Regardless, an interpreter was provided to Hernandez-Barajas at every Court hearing. Even with the interpreter, Hernandez-Barajas still elected to give all of his responses in English. *See* Plea. Tr. R. 22 at 2 ("Although interpretation was provided, all of the defendant's responses were given in English by the defendant himself.").

Further, as the Court discussed above, Hernandez-Barajas neither signed a plea

agreement nor waived his appellate rights.  Accordingly, the prejudice he alleges from his alleged inability to understand the proceedings did not happen.  This claim must be denied as well.

## IV.  CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability.  *See* 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability).  A certificate of appealability may issue only if Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Here, Petitioner has not made a substantial showing of the denial of a constitutional right.  The Court declines to issue a certificate of appealability.

## V.  CONCLUSION

For the reasons stated, Petitioner Luis Alberto Hernandez-Barajas' Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. 1) is DENIED.  The Court declines to issue a certificate of appealability.  This case is CLOSED.

Signed on this 24th day of June 2019.

*s/ James E. Shadid*
James E. Shadid
United States District Judge